UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMEKA ONYENEKWU** | **CIVIL ACTION** |
| **VERSUS** | **NO:   24-1976** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL** | **SECTION: "H" (4)** |

### ORDER

Before the Court is pro se Plaintiff's **Motion to Proceed Under a Pseudonym and to Seal Documents (R. Doc. 5).** Therein, Plaintiff seeks an Order permitting him to proceed under a pseudonym in this action and file documents containing his real name under seal due to privacy concerns and the potential for further discrimination based on his disability status. R. Doc. 5 at 1.

Under Fifth Circuit jurisprudence, a request to litigate under a pseudonym "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Although the Fifth Circuit has not articulated a strict formula for evaluating requests to proceed under a pseudonym, one of the most important factors is whether the litigation will compel the plaintiff to disclose "information of the utmost intimacy", such as where the plaintiff's claims involve mental illness, welfare rights of illegitimate children, or abortion. *Stegall*, 653 F.2d at 185-86. *See Doe v. Griffon Management LLC*, No. 14-2626, 2014 WL 7040390, at *1-2 (E.D. La. Dec. 11, 2014) (Africk, L.).

In this case, Plaintiff has raised claims against the Board of Supervisors for Louisiana State University and Mechanical College and the Louisiana State University Health Science Center School of Dentistry ("Defendants"), who have not made an appearance in this matter to date. R. Doc. 1 at 2. Plaintiff alleges that he enrolled as a dental student at Louisiana State University in

July 2021 and that Defendants subsequently failed to make reasonable accommodations for his disability, ultimately leading to his dismissal from the dental school program in July 2023. *Id.* at 5-6.

Plaintiff alleges that he has a significant interest in maintaining his privacy due to the sensitive nature of his medical condition and the risk of stigmatization. R. Doc. 5 at 1. However, Plaintiff does not identify his alleged disability in the subject Motion or the Complaint before this Court. R. Doc. 5 at 1-2. *See* R. Doc. 1. Plaintiff further alleges that the public interest in knowing the identities of the parties in this matter is outweighed by the potential harm if his identify is disclosed, since disclosure could expose him to further discrimination and retaliation. *Id.* at 2. In support, Plaintiff alleges that the risk of discrimination and retaliation is particularly high given the ongoing nature of his legal and educational pursuits and that allowing him to proceed under a pseudonym will not prejudice the Defendants in this matter. *Id.*

The Court finds that Plaintiff's concerns do not outweigh the public's interest in open judicial proceedings and the basic fairness that persons who allege Title VII violations against named defendants "must do so under their real names." *Doe v. BrownGreer PLC*, No. 14-1980, 2014 WL 4404033, at *3 (E.D. La. Sept. 5, 2014) (Wilkinson, M.J.) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 559 F.2d 707, 713 (5th Cir. 1979)). Under the facts presented, it does not appear that Plaintiff will face any "greater threat of retaliation than the typical plaintiff[s] alleging Title VII violations…under their real names and not anonymously. *BrownGreer PLC*, No. 14-1980 at *3 (quoting *S. Methodist Univ. Ass'n of Women Law Students*, 559 F.2d at 713).

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion to Proceed Under a Pseudonym and to Seal Documents (R. Doc. 5)** is **DENIED.**

**IT IS FURTHER ORDERED** that the case is hereby **UNSEALED.**

New Orleans, Louisiana, this 18th day of September 2024.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**