UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EMEKA ONYENEKWU**                                              **CIVIL ACTION**

**VERSUS**                                                                       **NO: 24-1976**

**BOARD OF SUPERVISORS FOR
LOUISIANA STATE UNIVERSITY
AND AGRICULTURAL AND
MECHANICAL COLLEGE, ET AL.**                      **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Defendants Board of Supervisors for Louisiana State University and Agricultural and Mechanical College and the Louisiana State University Health Sciences Center School of Dentistry, (collectively "Defendants")' Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, Defendants' Motion is **GRANTED**.

## BACKGROUND

The case arises from Defendants' alleged failure to accommodate Plaintiff, Emeka Onyenekwu. In July 2021, Plaintiff enrolled as a dental student at Louisiana State University Health Sciences Center School of Dentistry ("LSU HSCSD"). In May and June of 2022, Plaintiff reported mistreatment by and bias from a professor in one of his classes. Plaintiff alleges that he is a qualified individual with a disability under the Americans with

Disabilities Act ("ADA") and notified LSU HSCSD of an illness that related to his disability by providing medical documentation in July 2022. Plaintiff alleges that in response, LSU HSCSD did not make an accommodation available, asserting that Plaintiff did not request an approved absence prior to an exam.

Because this caused Plaintiff academic strain and required him to take the course again with the same professor, Plaintiff expressed his difficulties with the Campus Assistance Program ("CAP") at LSU HSCSD. Staff at CAP recommended that Plaintiff speak to the Dean of Academic Affairs, and potentially lodge a complaint. In March 2023, Plaintiff met with the Dean and reported issues with the course and the professor, but nothing was resolved prior to Plaintiff receiving his final grade. Plaintiff made multiple requests for accommodations from May 1, 2023 through July 17, 2023, but none were provided. On July 21, 2023, Plaintiff was "dismissed" from LSU HSCSD without investigations into Plaintiff's complaints of disability discrimination and unfair treatment.

On August 14, 2023, the Vice-Chancellor of Academic Affairs and Interim Dean of LSU HSCSD responded to Plaintiff's complaints, stating that investigations into potential ADA violations and fairness of Plaintiff's dismissal was underway. The Vice-Chancellor of Academic Affairs and Interim Dean stated that the final decision regarding dismissal would be made after the investigation was completed and requested that Plaintiff refrain from contacting the office in the meantime. On August 30, 2023, the Vice-Chancellor of Academic Affairs and Interim Dean made the final decision to dismiss Plaintiff before the investigation process ended and based the decision on what Plaintiff alleges is documentation riddled with factually inaccurate information. Plaintiff was denied the opportunity to contest his dismissal.

As a result of these events, Plaintiff filed suit with this Court on August 9, 2024, alleging violations of the ADA.[1] Now before the Court is Defendants' Motion for a More Definite Statement. Plaintiff did not oppose.

## **LEGAL STANDARD**

A district court will grant a motion for a more definite statement under Rule 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response."[2] The moving party "must point out the defects complained of and the details desired."[3]

"When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8."[4] Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[6] In light of the liberal pleading standard set forth in Rule 8(a), Rule 12(e) motions are disfavored.[7] Motions for a more definite statement are generally granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting

---

[1] 42 U.S.C. §12101, *et seq.*
[2] FED. R. CIV. P. 12(e).
[3] *Id.*
[4] Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc., 235 F.R.D. 632, 633 (E.D. La. 2006).
[5] FED. R. CIV. P. 8(a)(2).
[6] Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).
[7] JNP Enters., LLC v. Patterson Structural Moving & Shoring, LLC, No. 13-4684, 2014 WL 31650, at *1–2 (E.D. La. Jan. 3, 2014) (citing Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959); Who Dat Yat Chat, LLC v. Who Dat, Inc., No. 10–1333, 2012 WL 2087439, at *6 (E.D. La. June 8, 2012)).

answer it."[8] This Court "has considerable discretion in deciding whether to grant a Rule 12(e) motion."[9]

## LAW AND ANALYSIS

Defendants argue that Plaintiff fails to specify crucial information to what appears to be a failure to accommodate claim under the ADA, namely which disability that he has. Defendants assert that without this information, they are unable to adequately respond to the Complaint. This Court agrees.

Ultimately, "[t]o prevail on a failure-to-accommodate claim, the plaintiff must show (1) he is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered [entity]; and (3) the [entity] failed to make reasonable accommodations for such known limitations."[10] At the pleading stage, Plaintiff does not have to put forth evidence to prove any of these elements, but a complaint is not sufficient if it provides only a "naked assertion" that lacks "further factual enhancement."[11] Plaintiff's statement that he is a "qualified individual with a disability under the ADA" recites the first element and is a legal conclusion.[12] "A motion for a more definite statement is proper '[w]hen a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief,' such that 'the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense.'"[13] Plaintiff has failed to allege any facts to

---

[8] Phillips v. ABB Combustion Eng'g, Inc., No. 13–594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013).
[9] Murungi v. Tex. Guaranteed, 646 F. Supp. 2d 804, 811 (E.D. La. 2009).
[10] Bright v. Martin, 2023 WL 4044437, at *1 (5th Cir. June 15, 2023) (quoting Moss v. Harris Cnty. Constable Precinct One, 851 F.3d 413, 417 (5th Cir. 2017)).
[11] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
[12] Doc. 3 at 6.
[13] Almeida v. Panther Helicopters, Inc., No. CV 20-3280, 2022 WL 1211421, at *3 (E.D. La. Apr. 25, 2022) (quoting Thomas v. Indep. Twp., 463 F.3d 285, 301 (3rd Cir. 2006)).

support this conclusion; he does not identify what disability he has or what limitations he experiences as a result of the disability.[14]

Accordingly, as written, Plaintiff's Complaint does not give Defendants adequate notice of the circumstances leading to Plaintiff's claim and, therefore, prevents them from preparing an appropriate answer or defense. As stated in *Bitte v. United Cos. Lending Corp.*, Plaintiff should "briefly explain [the] who, what, when, where, why, and how regarding the defendants' alleged wrongdoings.[15] Here, Plaintiff should focus on the what, why, and how in particular.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for a More Definite Statement is **GRANTED**.

**IT IS ORDERED** that Plaintiff file an Amended Complaint remedying the deficiencies identified herein on or before [*3 weeks from drop date*].

New Orleans, Louisiana this 2nd day of April, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[14] The Court also reiterates that Plaintiff did not file a response to Defendants' Motion.
[15] *See* Verret v. N. Star Marine, LLC, No. 09–3442, 2009 WL 3614502, at *2 (E.D. La., Oct. 28, 2009) (citing Bitte v. United Cos. Lending Corp., No. 06–5648, 2006 WL 3692754, at *1 (E.D. La. Dec. 11, 2006)).