UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMEKA ONYENEKWU** | **CIVIL ACTION** |
| **VERSUS** | **NO: 24-1976** |
| **BOARD OF SUPERVISORS FOR LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, ET AL.** | **SECTION: "H"** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendants' Motion for More Definite Statement (Doc. 19). Plaintiff asks this Court to reconsider its April 15, 2025 Order in which Plaintiff was ordered to file an Amended Complaint.[1]

In addressing Defendant's Motion for a More Definite Statement, this Court held that Plaintiff failed to allege a specific disability or limitation caused by a disability and ordered him to amend his Complaint. Plaintiff's Motion asserts that such relief was unwarranted, because details regarding his disability have been communicated with Defendants outside of Court and the pleadings. While the parties may or may not be aware of critical facts outside of the pleadings, the Federal Rules of Civil Procedure require that a plaintiff

---

[1] Doc. 16 at 5. The Order granting Defendant's Motion for a More Definite Statement was signed on April 2, 2025. Plaintiff was later ordered to file his Amended Complaint by May 15, 2025. Doc. 18.

allege those facts *in their complaint* to ensure defendants receive fair notice.[2] Plaintiff's other allegations in his Motion do not persuade this Court to revise its Order granting Defendant's Motion for a More Definite Statement.[3]

While unclear, Plaintiff seems to alternatively ask this Court to accept the additional allegations in this Motion as amendments to his original Complaint.[4] Ignoring that this request is procedurally improper, the Court points out that said allegations still do not allege a specific disability or limitation caused by a disability, and thus do not remedy the deficiencies identified by this Court in his original Complaint.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana this 20th day of August, 2025.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] *See* FED. R. CIV. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'").

[3] A court may revise any order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

[4] Doc. 19 ("In the Alternative, Plaintiff respectfully asks the Court to take notice of this clarification and all Plaintiff to Amend complaint solely in the interest of efficiency.").